**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ALECEA CONNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ALLIANT CAPITAL** | ) |
| **MANAGEMENT LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the plaintiff, ALECEA CONNER, by and through her attorneys, FORTAS LAW GROUP, LLC, and for her Complaint against the defendant, ALLIANT CAPITAL MANAGEMENT LLC, the plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

## II.   JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and the EFTA 15 U.S.C §1693 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III.   PARTIES

4.     ALECEA CONNER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Stone Mountain, County of Dekalb, State of Georgia.

5.     As a natural person, Plaintiff is a "consumer" as that term is defined by 15 U.S.C §1693a(b).

6.     The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Westwood College (hereinafter, "the Debt").

7.     The debt that Plaintiff allegedly owed Westwood College was for a student loan incurred for Plaintiff's educational expenses.

8.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

2

9.    At all relevant times, Plaintiff had an account in her name at Bank of America (hereinafter, "BOA Account").

10.    At all relevant times, the account held by Plaintiff at BOA was an asset account established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

11.    At all relevant times, the BOA Account held by Plaintiff was an "account" as that term is defined by 15 U.S.C. §1693a(2).

12.    At all relevant times BOA was a financial organization responsible for holding funds in an account belonging to Plaintiff.

13.    At all relevant times, BOA was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

14.    ALLIANT CAPITAL MANAGEMENT LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Georgia.  Defendant's principal place of business is located in the State of New York.   Defendant is registered as a limited liability company in the State of Georgia.

15.    The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

18.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

19.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20.    At all relevant times, Defendant received funds from Plaintiff's BOA Account, which were transferred to Defendant electronically.

21.    Defendant instructed BOA, through an electronic terminal, by telephone, or other electronic means, to transfer funds from Plaintiff's BOA Account to Defendant.

22.    Defendant received funds from Plaintiff's BOA Account.

23.    At all relevant times, the transfer of funds from Plaintiff's BOA Account to Defendant were "electronic fund transfers" as that term is defined by 15 U.S.C. §1692a(7).

24.    The transfer of funds from Plaintiff's BOA Account to Defendant were authorized by Plaintiff orally, in advance of the transfer, and were to recur regularly.

25.    At all relevant times, the transfer of funds from Plaintiff's BOA Account to Defendant were "preauthorized electronic fund transfers" as that term is defined by 15 U.S.C. §1693a(10).

### IV.   ALLEGATIONS

### COUNT I: ALECEA CONNER v. ALLIANT CAPITAL MANAGEMENT LLC FOR VIOLATIONS OF THE FDCPA

26.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

27.    On or about October 27, 2016 Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that they were calling to collect the Debt.

28.    During the course of the aforesaid telephone call between Plaintiff and Defendant, Plaintiff offered and Defendant accepted payment of the Debt in

regularly monthly payments of $50.00. Plaintiff then and there provided Defendant with her bank account information.

29. On or about October 27, 2016, Defendant sent Plaintiff correspondence dated October 27, 2016, in which Defendant acknowledged the agreement to accept monthly payments from Plaintiff in the amount of $50.00 per month, with the first payment being withdrawn on November 4, 2016, and with payments continuing through 2028.

30. Plaintiff's first monthly payment was paid by Plaintiff on or about November 4, 2016.

31. Plaintiff's second monthly payment was paid by Plaintiff on or about December 4, 2016.

32. Plaintiff's third monthly payment was paid by Plaintiff on or about January 4, 2017.

33. On or about January 27, 2017, Plaintiff initiated a telephone call to Defendant and spoke with one of Defendant's duly authorized representatives.

34. During the course of the aforesaid telephone call on January 27, 2017, Plaintiff asked Defendant what would happen if she was unable to timely make one of her monthly payments.

35.   In response to Plaintiff's inquiry, Defendant responded by informing Plaintiff that the agreed upon monthly payment was too low and asked Plaintiff how she managed to "get away" with such a low monthly payment.  Defendant further informed Plaintiff that if she did not increase the amount of her monthly payment, Defendant would remove her from the payment plan.  After an argument ensued, Plaintiff was transferred to a supervisor who reiterated to Plaintiff that she needed to increase her monthly payments or she would be removed from her payment plan.

36.   The aforementioned representation had the effect of conveying to an unsophisticated consumer that Defendant was removing her Debt from her payment plan and that she would be unable to continue making monthly payments against the Debt in the amount of $50.00 per month.

37.   Defendant's representations, as delineated above, were false, deceptive and misleading given that even though Plaintiff did not agree to increase her monthly payment, Defendant retained her in her payment plan and proceeded to withdraw $50.00 from Plaintiff's account on or about February 4, 2017.

38.   In its attempts to collect the debt allegedly owed by Plaintiff to Westwood College, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

c. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### COUNT II: ALECEA CONNER v. ALLIANT CAPITAL MANAGEMENT LLC FOR VIOLATIONS OF THE EFTA

40.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

41.    During the course of the telephone call between Plaintiff and Defendant on October 27, 2016, the parties discussed entering into a payment agreement relative to the Debt.

42.    During the course of the telephone call, Plaintiff and Defendant agreed that Plaintiff could pay Defendant $50.00 a month relative to the Debt continuously until the Debt was paid in full.

43.     During the course of the telephone call, Defendant informed Plaintiff that it could electronically debit the monthly payments agreed upon by the parties from Plaintiff's account.

44.     Plaintiff then provided Defendant with information relative to her BOA Account so that Defendant could automatically withdraw payments from said account in accordance with the terms of the payment arrangement entered into between the parties.

45.     During the course of the aforesaid telephone call, Plaintiff provided Defendant with her oral authorization for Defendant to electronically transfer funds from Plaintiff's BOA Account to Defendant in accordance with the monthly payment terms agreed upon by the parties.

46.     At no time during the aforesaid telephone conversation did Defendant advise Plaintiff that in order for Defendant to be able to transfer funds from Plaintiff's BOA Account, Plaintiff had to provide Defendant with **written** consent to carry out the aforesaid transfer, as required by the Electronic Funds Transfer Act, 15 U.S.C. §1693(e)(a).

47.     Plaintiff has not provided Defendant with written authorization to transfer any funds from Plaintiff's BOA Account to Defendant.

48.     Defendant has not obtained written authorization from Plaintiff to transfer funds from Plaintiff's BOA Account to Defendant.

49.     Plaintiff has not provided Defendant with written authorization for Defendant to carry out any electronic fund transfers from Plaintiff's BOA Account to Defendant.

50.     Plaintiff has not informed Defendant that she waived her right to provide Defendant with written authorization to execute the transfer of funds from Plaintiff's BOA Account to Defendant.

51.     On or about November 4, 2016, December 4, 2016, January 4, 2016, and February 4, 2016, Defendant, attempted to withdraw $50.00 from Plaintiff's BOA Account.

52.     On or about November 4, 2016, December 4, 2016, January 4, 2016, and February 4, 2016, Defendant withdrew $50.00 from Plaintiff's BOA Account.

53.     On or about November 4, 2016, December 4, 2016, January 4, 2016, and February 4, 2016, Defendant transferred to Defendant $50.00 in funds from Plaintiff's BOA Account.

54.     On or about November 4, 2016, December 4, 2016, January 4, 2016, and February 4, 2016, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's BOA Account.

55.    On or about November 4, 2016, December 4, 2016, January 4, 2016, and February 4, 2016, at the time Defendant transferred the aforesaid funds to Defendant, from Plaintiff's BOA Account, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transaction.

56.    On or about November 4, 2016, December 4, 2016, January 4, 2016, and February 4, 2016, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's BOA Account, BOA had not obtained written authorization from Plaintiff to allow Defendant make the aforesaid transaction.

57.    At no time prior to November 4, 2016, December 4, 2016, January 4, 2016, and February 4, 2016, did Defendant provide Plaintiff with a copy of the putative written authorization Plaintiff may have provided to Defendant to authorize Defendant to transfer funds from Plaintiff's BOA Account to Defendant.

58.    The Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, provides in part as follows:

§1693e – Preauthorized Transfers

(a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made…

59.    On or about November 4, 2016, December 4, 2016, January 4, 2016, and February 4, 2016, Defendant carried out a preauthorized electronic fund

transfer from Plaintiff's BOA Account without having first obtained written consent from Plaintiff to carry out the aforesaid transaction.

60.     On or about November 4, 2016, December 4, 2016, January 4, 2016, and February 4, 2016, Defendant carried out a preauthorized electronic fund transfer from Plaintiff's BOA Account without having first provided Plaintiff with a copy of the putative written authorization Plaintiff may have provided to Defendant to carry out the aforesaid transaction.

61.     On multiple occasions, Defendant transferred funds from Plaintiff's BOA Account to Defendant without obtaining a written authorization signed or similarly authenticated form from Plaintiff for Defendant to carry out the preauthorized electronic fund transfer's from Plaintiff's BOA Account, as delineated above, thereby violating, 15 U.S.C. §1693e(a).

62.     On multiple occasions, Defendant transferred funds from Plaintiff's BOA Account to Defendant without providing Plaintiff a copy of a written authorization signed or similarly authenticated form by Plaintiff for Defendant to carry out the preauthorized electronic fund transfer's from Plaintiff's ANBS account, as delineated above, thereby violating, 15 U.S.C. §1693e(a).

63.     Defendant's conduct in violating 15 U.S.C. §1693e(a), directly and proximately caused Plaintiff to suffer damages as set forth in the paragraphs above.

## V.   JURY DEMAND

64.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALECEA CONNER, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.     All actual compensatory damages suffered;

b.     Statutory damages of $1,000.00 under the FDCPA;

c.     Statutory damages of $1,000.00 under the EFTA;

d.     Plaintiff's attorneys' fees and costs;

e.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ALECEA CONNER**

By:   s/ Scott Fortas
Attorney for Plaintiff

Dated: March 1, 2017

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1934-B N. Druid Hills Rd.
Atlanta GA 30319
Telephone:   (404) 315-9936
Facsimile:   (404) 636-5418
E-Mail:       sfortas@fortaslaw.com